IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| KEITH O. STOKES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:15CV00262 SWW |
| | * | |
| HELEN BRENTS, | * | |
| | * | |
| Defendant. | * | |

**Memorandum and Order**

On May 7, 2015, Plaintiff Keith O. Stokes commenced this action *pro se*. Along with his complaint, Stokes filed an application to proceed *in forma pauperis*.

There is a two-step process to be followed by the district court in considering whether a *pro se* plaintiff should be permitted to proceed *in forma pauperis. Martin–Trigona v. Stewart,* 691 F.2d 856 (8th Cir.1982). First there is a determination of whether the plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)(1). If he does, the complaint is permitted to be filed. *Id.* Second, assuming the allegation of poverty is not untrue, a determination is made under § 1915(e)(2)(B) of whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If so, the complaint is to be dismissed. *Id*. Because it appears that plaintiff's economic situation qualifies him for *in forma pauperis* status, the Court hereby grants plaintiff's application to so proceed.

The Court next determines whether, pursuant to § 1915(e)(2)(B), this action should be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous if it

"describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law." *Neitzke v. Williams,* 490 U.S. 319, 327–29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir.), *cert. denied,* 525 U.S. 1023 (1998). *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir.2001), *cert. denied sub nom. Early v. Harmon,* 535 U.S. 1040 (2002).

Plaintiff Stokes alleges that defendant agreed to pay him $325.00 to cut limbs off trees and rake and clean the yard of a rental house she owns. In spite of that agreement, however, defendant paid him only $100.00 and told plaintiff she was not going to pay his "black ass" $325.00. Plaintiff alleges race discrimination under Title VII.

The Court finds plaintiff's allegations are insufficient to support a claim of discrimination under Title VII. Only employers with 15 or more employees are subject to Title VII liability. *See* 42 U.S.C. § 2000e(b)(defining an "employer" as a person "who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year"). Because the Court finds plaintiff's claim has no legal basis, the complaint is frivolous and will be dismissed.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] is granted. IT IS FURTHER ORDERED that the complaint is dismissed with prejudice.

DATED this 13th day of May, 2015.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE